United States District Court
Southern District of Texas
ENTERED
JUN 22 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUN 22 2005
1:40p.
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID GARZA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action B-05-01 |
| | § | |
| GENERAL MOTORS CORPORATION | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

BE IT REMEMBERED that on June 22, 2005, the Court **ORDERED** Eugene X. Mercier to appear before this Court on July 7, 2005, at 10:30 a.m. to show cause why he should not be held in criminal contempt pursuant to 18 U.S.C. § 401(3) and Fed.R.Cr.P. Rule 42(a).

### I.  Authority

Pursuant to title 18, United States Code, section 401(3), this court has the "power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as – . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

As required by Rule 42(a) of the Federal Rules of Criminal Procedure, "Any person who commits criminal contempt may be punished for that contempt after prosecution on notice." Notice may be given to Mr. Mercier in "open court, in an order to show cause, or in an arrest order." Id. (a)(1). The notice must state the time and place of trial, allow for a reasonable amount of time to prepare a defense, and "state the essential facts constituting the charged criminal contempt . . . ." Id. (a)(1)–(2). Lastly, the Court must request that the contempt proceeding be prosecuted by an attorney for the government . . . ." Id. (a)(2).

II.  **Facts**

At the initial pretrial conference held on May 16, 2005, defendant's attorney stated that co-counsel called Mr. Mercier's office every working day for a month in an attempt to schedule a meeting to complete the required joint case management plan. When the attorney called, she was either placed on hold until she terminated the call herself, or was told by either a paralegal or secretary that someone would call her back, but was never contacted. In addition, attached to the defendant's joint case management plan are four letters written to Mr. Mercier between February 21, 2005 and March 14, seeking to schedule a meeting to complete the joint case management plan. See Dkt. No. 7. Mr. Mercier failed to respond to all of these phone calls and letters.

The Court further noted that her law clerk placed a call to Mr. Mercier's office on Friday, May 14th, between 2:00 and 3:00 p.m. He spoke with a secretary who placed him on hold for 20 minutes. When the secretary picked the line up again, she told the law clerk that she was unable to contact Mr. Mercier and would call him back once she located Mr. Mercier. The secretary further related that she was under the impression that Mr. Mercier had given the case to someone else. The Court's chambers never heard back from Mr. Mercier or his office. Considering the above, the Court orally granted defendant's motion to dismiss plaintiff's case with prejudice for failure to prosecute at the initial pretrial conference.

On June 6, the Court submitted a written order dismissing the litigation. Dkt. No. 12. The order further required Mr. Mercier to show cause why he should not be found in contempt at 10:00 a.m. on June 22, 2005. Specifically, the order stated:

> The Court further **ORDERS** plaintiff's attorney, Mr. Eugene X. Mercier, to appear before this Court on June 22, 2005, at 10 a.m., to show cause why he should not be held in contempt for failing to comply with this Court's Order dated January 21, 2005. Dkt. No. 2.

Dkt. No. 12.

The United States District Court for the Southern District of Texas, CM/ECF Noticing system shows that Mr. Mercier's office received a fax copy of this Court's orders dated

2

February 2, 2005 (Dkt. No. 4., admitting Holly J. Lister pro hac vice); May 6, 2005 (Dkt. No. 10, granting defendant's attorney's motion to appear at the initial pretrial conference); and June 6, 2005 (Dkt. No. 12, granting defendant's oral motion to dismiss case with prejudice and ordering Mr. Mercier to show cause). Furthermore, defendant's submissions, Dkt. Nos. 1, 3, 5, 6, and 8, all contain a signed certificate of service certifying that a copy was sent to Mr. Mercier's office. The Court notes that the notice of removal, Dkt. No. 1., although not faxed to Mr. Mercier by the Court, was certified by the defendant's attorney as being sent to Mr. Mercier. Lastly, the Court's initial pretrial conference order requires a removing defendant to serve a copy of that order on the plaintiff. See Dkt. No. 2. Although the record is devoid of any evidence that such service occurred, each of the defendant's subsequent four letters sent by certified mail to Mr. Mercier explicitly refers to the above styled litigation and the required Federal Rules of Civil Procedure Rule 26 meeting.

At 11:00 a.m. on June 20, the Court's case manager placed a call to Mr. Mercier's office to inquire about Mr. Mercier's attendance at the June 22 show cause hearing. The case manager spoke with a male by the named of Pablo who took the case manager's name, title, and phone number, and stated that he would call her back. No one contacted the Court's chambers.

The next day, on June 21, the case manager and law clerk again called Mr. Mercier's office at 9:26 a.m. to inquire whether Mr. Mercier would attend the show cause hearing scheduled for the next day. The call was answered again by Pablo who immediately transferred the call to "Ruby". Ruby then transferred the call to "Cynthia" at 9:28 a.m. Cynthia identified herself as the individual who spoke with the law clerk on May 14. Initially, Cynthia stated that Mr. Mercier was going to nonsuit the defendant in this case. She further believed Mr. Mercier was "informed" of the show cause hearing scheduled for the next day but she did not think Mr. Mercier would attend. In response to the law clerk's request to speak with Mr. Mercier directly, Cynthia said that Mr. Mercier was not available. Then, after the law clerk asked whether he could obtain Mr. Mercier's personal phone number, Cynthia stated that normally such information was not provided. Lastly, when the law clerk again asked to speak with Mr. Mercier directly, Cynthia placed

the call on hold at 9:32 a.m. Thirteen minutes later, at 9:45 a.m., an unidentified individual at Mr. Mercier's office hung up the phone without explanation.

At approximately 4:45 p.m. later that same day, Diane, Mr. Mercier's office manager called this Court's case manager inquiring how Mr. Mercier could postpone the show cause hearing. Initially, Diane asked whether an associate of Mr. Mercier could attend the hearing in place of Mr. Mercier. After being told that Mr. Mercier's presence was required, she stated that Mr. Mercier had a conflicting hearing set for 8:30 a.m. in Hildago County and that Mr. Mercier would move the Court to postpone the show cause hearing. At 5:02 p.m. the Court received a faxed motion. The Court denied the motion. Dkt. No.

On June 22, at 10:13 a.m., this Court's case manager called the Hildago County court before which Mr. Mercier alleged he would appear at 8:30 a.m. on June 22. This Court's case manager spoke with that court's court reporter and was informed that Mr. Mercier failed to show at the hearing. Subsequently, at 10:21 a.m., the Court commenced the show cause hearing for Mr. Mercier and asked for all attorneys or parties present to announce their attendance. Attorney for the defendant was present, while Mr. Mercier failed to respond. The Court directed the Court Security Officer to call Mr. Mercier's full name three times in the atrium of the courthouse. The Officer complied, but to no avail.

At 11:10 a.m., Ruby called from Mr. Mercier's office requesting permission to fax two letters to the Court. The Court denied the request. At 11:13 a.m., Ruby again called to advise the Court that Mr. Mercier would be in Court at 11:30 a.m. Mr. Mercier eventually arrived at about 11:53 a.m.

## III. Order

Pursuant to Federal Rules of Criminal Procedure Rule 42(a)(1), the Court **ORDERS** the issuance for a warrant for the immediate arrest and confinement of Eugene X. Mercier by the United States Marshal. If Mr. Mercier requests bond to be set, the peace officer in custody of Mr. Mercier is directed to contact this Court. Furthermore, once in custody, the United States Marshal shall serve a copy of this order on Mr. Mercier. It is further

**ORDERED** that Mr. Mercier's conduct as described above is hereby referred to the

United States Attorney for the Southern District of Texas for prosecution under 18 U.S.C. § 401(3). It is further

**ORDERED** that Mr. Mercier appear before this Court on July 7, 2005, at 10:30 a.m. to show cause why he should not be held in criminal contempt for the above described conduct pursuant to 18 U.S.C. § 401(3) and Fed.R.Cr.Pro. Rule 42(a).

DONE at Brownsville, Texas, this 22nd day of June, 2005.

Hilda G. Tagle
United States District Judge